## HAMM v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1920. Rehearing Denied February 9, 1920.)

1. INDICTMENT AND INFORMATION ⬾61—IN INDICTMENT FOR OBSTRUCTING RECRUITING, ALLEGATION OF STATE OF WAR UNNECESSARY.

Indictment for obstructing the recruiting service need not allege that at the time of the alleged violation of the law the United States was at war.

2. ARMY AND NAVY ⬾40—OBSTRUCTING RECRUITING BY CIRCULATING SEDITIOUS LITERATURE CRIMINAL, IF PROBABLY REACHING PERSONS SUBJECT TO CONSCRIPTION.

In prosecution for obstructing the recruiting service by selling a seditious book, it need not be alleged or proved that the book ever reached or came to the attention of persons subject to the recruiting or enlistment service; it being sufficient if the objectionable matter was disseminated in such a way as to reach persons who were subject to conscription or qualified to enlist.

3. ARMY AND NAVY ⬾40—CONVICTION OF OBSTRUCTING RECRUITING BY SEDITIOUS LITERATURE SUSTAINED BY EVIDENCE.

Evidence *held* to sustain conviction of obstructing recruiting by selling a seditious book.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Edward Hamm was convicted of obstructing the recruiting and enlistment service of the United States, and brings error. Affirmed.

Paul W. Schenck and Richard Kittrelle, both of Los Angeles, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., and Gordon Lawson and W. Fleet Palmer, Asst. U. S. Attys., all of Los Angeles, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. [1] The plaintiff in error was convicted and sentenced under the second count of an indictment which charged that he did on a date named "knowingly, willfully, unlawfully, and feloniously obstruct the recruiting and enlistment service of the United States, to the injury of the service of the United States, by then and there peddling, issuing, selling, and offering for sale to various and divers persons, among others M. J. Meeker, the certain book entitled 'The Finished Mystery,' " and containing the seditious and inflammatory statements and language which are set forth in the indictment. An indictment charging the dissemination of copies of the same book was recently discussed by this court in Stephens v. United States, 261 Fed.

590, —— C. C. A. ——, and it is unnecessary here to repeat the printed matter the distribution of which was held obnoxious to the statute. In that case we considered the objection to the indictment which is made in this—that it is defective for failure to allege that at the time when the plaintiff in error is alleged to have violated the law the United States was at war. Nothing further needs to be said on that branch of the case.

[2] The principal contention here is that it is neither alleged nor shown that the book which the plaintiff in error sold and offered for sale ever reached or came to the attention of those who were subject to the recruiting or enlistment service of the United States. But this court has held that it was not necessary to prove or allege those facts, and that it is sufficient if the objectionable matter was disseminated in such a way as to reach persons who were subject to conscription or qualified to enlist. Goldstein v. United States, 258 Fed. 908, —— C. C. A. ——; Stephens v. United States, 261 Fed. 590, —— C. C. A. ——; Rhuberg v. United States, 255 Fed. 865, —— C. C. A. ——. See, also, United States v. Eastman (D. C.) 252 Fed. 232. Said Mr. Justice Holmes in Schenck v. United States, 249 U. S. 47, 63 L. Ed. 470, 39 Sup. Ct. 247:

"The question in every case is whether the words used are used in such circumstances and are of such a nature as to create a clear and present danger that they will bring about the substantive evils that Congress has a right to prevent."

Reliance is placed upon the decision of this court in Shilter v. United States, 257 Fed. 724, —— C. C. A. ——; but that case is clearly distinguishable from this. In that case there was no allegation in the indictment that the statements made by the accused were made to or in the presence or hearing of any person or persons, or that the spoken words were ever conveyed to the human ear. In the present case the indictment charged that the books were sold to various and divers persons, one of whom was named.

[3] It is contended that the proof is not sufficient to sustain the indictment, and the circumstance is adverted to that, before the book was sold to Meeker, the plaintiff in error, owing to the fact that it had come to his notice that objection was made on the part of officers of the government to certain pages of the book, cut out those pages. But the fact remains that the excised leaves were left in the book when Meeker received it, and no attempt was made to show that the leaves were cut out from any other of the several books proven to have been sold by the plaintiff in error.

We find no error in the instructions given, or in the rulings of the court below.

The judgment is affirmed.