Eugene W. BEADNELL, Appellant,

v.

UNITED STATES of America,
Appellee.

Gary S. CLEMENS, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 17524 and 17525.

United States Court of Appeals
Ninth Circuit.

May 14, 1962.

Rehearing Denied June 22, 1962.

88

Garry, Dreyfus & McTernan, Benjamin Dreyfus, Charles R. Garry, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., James F. Hewitt, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, CHAMBERS and JERTBERG, Circuit Judges.

MATHEWS, Circuit Judge.

On November 22, 1960, in the United States District Court for the Northern District of California, Southern Division, two informations were filed—one against Eugene W. Beadnell and one against Gary S. Clemens. Each information was in four counts.

Count 1 of the Beadnell information alleged, in substance, that on December 26, 1958, in San Francisco, California, Beadnell knowingly and willfully made a false statement to the Railroad Retirement Board for the purpose of obtaining unemployment benefits under the Railroad Unemployment Insurance Act, 45 U.S.C.A. §§ 351–367, which statement was that Beadnell was not attending school on December 26, 1958, whereas, in

truth and in fact, as he then and there well knew, he was attending school at that time.

Counts 2, 3 and 4 of the Beadnell information were similar to count 1 thereof, except that, instead of December 26, 1958, counts 2, 3 and 4 referred to April 13, 1959, December 5, 1959, and March 28, 1960.

Counts 1 and 3 of the Clemens information were similar to count 1 of the Beadnell information, except that, instead of referring to Beadnell and to December 26, 1958, counts 1 and 2 of the Clemens information referred to Clemens and to November 22, 1958, and January 27, 1960.

Counts 2 and 4 of the Clemens information were similar to counts 1 and 3 thereof, except that, instead of statements made to the Railroad Retirement Board in San Francisco, California, on November 22, 1958, and January 27, 1960 counts 2 and 4 referred to statements made to an agent of the Board in San Jose, California, on January 14, 1959, and March 2, 1960.

Thus each count of each information charged a violation of § 9(a) of the Railroad Unemployment Insurance Act, 45 U.S.C.A. § 359(a), which provides that "any person * * * who shall knowingly make * * * any false or fraudulent statement * * * for the purpose of causing benefits[1] or other payment to be made * * * under [the Railroad Unemployment Insurance Act, 45 U.S.C.A. §§ 351–367], shall be punished by a fine of not more than $10,000 or by imprisonment not exceeding one year, or both."

Beadnell and Clemens were arraigned and pleaded not guilty. The cases were consolidated for trial and were tried together. Verdicts of guilty were rendered on all counts of each information. Judgments of conviction were entered, placing Beadnell on probation for a period of two years on each count of the Beadnell

---

1. For a definition of the term "benefits," see § 1(l) of the Act, 45 U.S.C.A. § 351 (l). In the informations and elsewhere in the record, unemployment benefits were called unemployment insurance compensation.

information and placing Clemens on probation for a period of two years on each count of the Clemens information, the periods of probation to run concurrently in each case. These appeals followed.

Appellants (Beadnell and Clemens) have joined in and filed here two briefs— an opening brief and a closing brief. Their opening brief contains no specification of errors.[2] Their closing brief contains a so-called specification consisting of three numbered paragraphs.

Paragraph 1 of the so-called specification does not specify any error or allege that any error was committed. It does, however, allege that the Government failed to prove the materiality of the statements mentioned in the informations— statements that appellants were not attending school at the times mentioned in the informations. Actually, there was proof of the following facts:

At the times mentioned in the informations, appellants were attending school and were claiming unemployment benefits under the Railroad Unemployment Act, 45 U.S.C.A. §§ 351–367. At the times and places mentioned in the informations, the statements mentioned in the informations were knowingly and willfully made by appellants to the Railroad Retirement Board or to an agent of the Board for the purpose of obtaining such benefits. The statements were false and, when made by appellants, were known by appellants to be false.

■ It was and is judicially known that, in order to obtain unemployment benefits under the Railroad Unemployment Insurance Act, appellants would have to claim such benefits, and that it would be the duty of the Railroad Retirement Board to hear such claims and to make decisions as to appellants' rights, if any, to such benefits.[3] Obviously, in making such decisions, the Board would be entitled to consider all pertinent facts regarding appellants' activities, including the fact that they were attending school, if they were, and the fact that they were not attending school, if they were not.

■■ Thus the facts of which there was proof, together with facts judicially known, showed that the statements mentioned in the informations were material.[4] Proof of facts judicially known was unnecessary.[5]

It may be true, as contended by appellants, that the fact, if it was a fact, that appellants were attending school would not, in and of itself, justify a denial of their claims for unemployment benefits;[6] but it does not follow, nor is it true, that that fact was immaterial, or that the statements mentioned in the informations were immaterial.

■■ Paragraph 2 of the so-called specification does not specify any error or allege that any error was committed. It does, however, allege that the informations were fatally defective in not alleging materiality of the statements mentioned in the informations. Actually, the informations alleged facts which, together with judicially known facts mentioned above, showed that the statements mentioned in the informations were material.[7] Judicially known facts did not need to be alleged.[8]

Paragraph 3 of the so-called specification alleges that the trial court erroneously directed the jury to find that appellants' statements were made with criminal intent. Actually, the jury was

2. See our Rule 18(2) (d), 28 U.S.C.A.

3. See § 5 of the Act, 45 U.S.C.A. § 355.

4. As to whether such a showing of materiality was necessary, we express no opinion.

5. Hamm v. United States, 9 Cir., 261 F. 907; Merritt v. United States, 9 Cir., 264 F. 870; Rutherford v. United States, 9 Cir., 264 F.2d 180.

6. As to the correctness of this contention, we express no opinion.

7. As to whether the informations would have been fatally defective if such materiality had not been shown, we express no opinion.

8. Barnard v. United States, 9 Cir., 162 F. 618; Stephens v. United States, 9 Cir., 261 F. 590; Hamm v. United States, supra; Sonnenberg v. United States, 9 Cir., 264 F. 327.

not so directed, erroneously or otherwise. Hence paragraph 3 presents nothing for review.

■■ In the trial court, appellants did not, nor did either of them, at any time object to any part of the court's charge to the jury. Hence no part of the charge was assignable or specifiable as error.[9] We are permitted, however, though not required, to notice plain errors which, though not assigned or specified, affect substantial rights.[10]

In the instant cases, the charge to the jury included the following instruction: "You are instructed that if you find that the answers of [appellants] to the questions were false and that such answers were reasonably calculated to influence the decision of the Railroad Retirement Board, then you must find that they were intended for the purpose of securing the unemployment insurance compensation." [11]

■■ This instruction, it will be noted, did not mention or refer to the statements mentioned in the informations. Instead, it spoke of "the answers" of appellants to "the questions." What "the questions" were, or what "the answers" were, or who asked "the questions," or who received "the answers", we do not and cannot know. Nowhere in the charge, except in this instruction, was there any mention of questions or answers. In short, this instruction was meaningless. Hence the giving of it was a plain error.

Appellants contend that the error was a prejudicial one, in that, by the instruction quoted above, the jury was, in effect, directed to find that the statements mentioned in the informations were made with criminal intent. There is no merit in this contention. As previously stated, the instruction quoted above did not mention or refer to the statements mentioned in the informations. Much less did it direct the jury to find that the statements were made with criminal intent.

The charge to the jury included many instructions other than the one quoted above. Some referred to the statements mentioned in the informations. None directed the jury to find that the statements were made with criminal intent. One was, in part, as follows: "Now, in order to find [appellants] guilty of the charges in the informations against them, you must find beyond a reasonable doubt * * * that such statements [12] were made for the purpose of securing unemployment insurance compensation [13] payments."

Thus whether the statements were made for the purpose mentioned was treated as an issue of fact and, as such, was submitted to the jury. The submission was proper; for, although there was abundant evidence that the statements were made for the purpose of obtaining unemployment benefits, there was some evidence to the contrary.

Regarding issues of fact, the jury was instructed as follows: "Let me [the trial judge] say to you first of all that it is your exclusive province to judge the facts. * * * I express no opinion as to the facts * * * in the case, nor do I wish you to understand or conclude from anything that I may have said during this trial or in these instructions that I have intended, directly or indirectly, to indicate any opinion on my part as to the facts or as to what I think your finding should be. Members of the jury, you and you alone must decide the facts." Presumably, this instruction was heeded.

We conclude that the plain error mentioned above was a harmless one.

Judgments affirmed.

9. See Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

10. See Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

11. See footnote 1.

12. Meaning, obviously, the statements mentioned in the informations.

13. See footnote 1.