**DEAR WING JUNG, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17785.**

United States Court of Appeals
Ninth Circuit.

Dec. 27, 1962.

Rehearing Denied Feb. 13, 1963.

McMurray, Walker & Tepper, and Lloyd E. McMurray, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., and James F. Hewitt, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, MAGRUDER and HAMLEY, Circuit Judges.

MAGRUDER, Circuit Judge.

This criminal case was tried by the district court without a jury.

The trial was on an indictment containing three counts. The first count charged a violation of § 1001 of Title 18 United States Code, in that the defendant did, "in a matter within the jurisdiction of the Immigration and Naturalization Service, United States Department of Justice, an agency of the United States, wilfully and knowingly falsify and conceal material facts regarding his identity, parentage, nationality and right to enter and remain in the United States, by the trick, scheme and device of posing as Dear Kai Gay, a citizen of the United States through acquisition at birth abroad to Dear Bing Quong, also known as Dear Nay Lim, an alleged native born United States citizen, whereas, in truth and in fact, as the defendant then and there well knew, his true name was Dear Wing Jung and his true father's name was Dear Nay Ting".

The second count alleged a violation of the conspiracy section, 18 U.S.C. § 371.

The third count charged a violation of 18 U.S.C. § 1001 in that the defendant did, in a matter within the jurisdiction of the Immigration and Naturalization Service, United States Department of Justice, an agency of the United States, wilfully and knowingly make false and fraudulent representations in the naturalization proceedings of his wife Emmy Dear, also known as Chow Shoy Mun, that his true name was Dear Kai Gay, and that he was a citizen of the United States, whereas, in truth and in fact, as the defendant then and there well knew, his true name was not Dear Kai Gay, but was Dear Wing Jung, and he was not a citizen of the United States.

The district court granted a motion of the defendant to dismiss the first two counts of the indictment because of the running of the statute of limitations—a dismissal on the merits, we agree. When it came to count 3, the defendant was tried thereon. The district court found him guilty of the offense charged in that

count and sentenced him to the penitentiary.

■ But we do not agree with appellant that this dismissal of counts 1 and 2 amounted to subjecting the defendant to a double jeopardy in the constitutional sense. The doctrine of double jeopardy has no application to a defendant who was tried but once on an indictment charging criminal violations. See Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); People v. Chessman, 38 Cal.2d 166, 238 P.2d 1001 (1952).

■ It is manifest that the offenses in the first and third counts of the indictment are not identical. Count 1 charged the concealment of a material fact by trick, scheme and device. Count 3 simply alleged the making of a knowingly false representation. It is settled that the same act or transaction may constitute two distinct federal offenses, and, in construing the intention of the Congress, may justify findings of guilty on the two counts and resulting separate sentences, to run consecutively. Burton v. United States, 202 U.S. 344, 377, 26 S.Ct. 688, 50 L.Ed. 1057 (1906). On the other hand, where a greater offense includes a lesser, if the accused is convicted on both counts, it is clearly not the intention of Congress to permit the imposition consecutively of the maximum penalty possible upon each count. See Costner v. United States, 139 F.2d 429, 432 (C.A. 4th, 1943); Wilson v. United States, 145 F.2d 734 (C.A. 9th, 1944); Miller v. United States, 147 F.2d 372 (C.A.2d, 1945); Rutkowski v. United States, 149 F.2d 481 (C.A. 6th, 1945).

We reject therefore the res judicata or collateral estoppel argument.

[5, 6] Nor do we believe that we could rightly hold the indictment on count 3 to be fatally defective because it fails to assert the materiality of the representation. It is well settled, at least in this circuit, that an indictment need not allege the materiality of a false representation if the facts advanced by the pleader warrant the inference of materiality.

Brandow v. United States, 268 F.2d 559 (C.A. 9th, 1959); Paritem Singh Poonian v. United States, 294 F.2d 74 (C.A. 9th, 1961); Beadnell v. United States, 303 F.2d 87 (C.A. 9th, 1962). Certainly it is not unreasonable to find that in an immigration and naturalization hearing it is material to the government to know the true name and nationality of a person of Chinese ancestry "residing in the United States" who offers himself as a witness in the applicant's behalf.

We have no doubt that the district court's finding of guilty on the third count was warranted by the evidence.

■ The defendant also claimed that the prosecution was illegal and in violation of the due process clause in that he was picked out discriminatorily because of his suspected radical leanings. We think that the district court was right in denying the pretrial motion to dismiss on this ground. The defendant-appellant tried indeed to raise the same issue during the trial by asking for a subpoena duces tecum to compel the production of "any and all lists of organizations which include the Chinese-American Democratic Youth Club, a San Francisco organization, together with any and all regulations, instructions, directions or other documents describing the manner in which organizations are placed on such list or lists and removed from such list or lists upon the exercise of discretionary powers of the Immigration and Naturalization Service." The court below correctly granted a motion to quash the subpoena and properly rejected the offer of proof by the defendant to the same effect. The decision whether to prosecute an offense against the United States rests with the United States Attorney rather than with the Immigration and Naturalization Service, which is merely the investigating agency.

■ Defendant objected to the sentence. The court having imposed a lawful imprisonment then suspended the sentence for six months upon the condition that the defendant depart from the United States. It is not enough for the

government to answer that such condition merely gave the defendant a "choice." For instance, if the condition were that the defendant must join a certain church, that would be an unconstitutional condition upon the sentence. If, as the government contends, the defendant is not a citizen of the United States, his departure therefrom would leave him without any right to return to this country. The condition is equivalent to a "banishment" from this country and from his wife and children, who will presumably remain here. This is either a "cruel and unusual" punishment or a denial of due process of law. Be it one or the other, the condition is unconstitutional. The case should be remanded to the district court for resentencing according to law.

A judgment will be entered vacating the sentence and remanding the case to the District Court for the imposition of a new sentence according to law.