212 Pa. Superior Ct. 228 (1968)
Commonwealth
v.
Morton, Appellant.
Superior Court of Pennsylvania.
Argued March 22, 1968.
June 13, 1968.
Before WRIGHT, P.J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.
*229 Carolyn E. Temin, Assistant Defender, with her Elizabeth L. Green and Melvin Dildine, Assistant Defenders, and Herman I. Pollock, Defender, for appellant.
Michele C. Greene, Assistant District Attorney, with her Michael J. Rotko, Assistant District Attorney, Richard A. Sprague, First Assistant District Attorney, and Arlen Specter, District Attorney, for Commonwealth, appellee.
OPINION PER CURIAM, June 13, 1968:
Judgments of sentence affirmed.
DISSENTING OPINION BY HOFFMAN, J.:
Appellant is appealing his conviction for assault with intent to kill (bill No. 375) and for wantonly pointing a deadly weapon (bill No. 377). He received a sentence of three and one half to seven years on bill No. 375, and a sentence of one year on bill No. 377, the sentences to run consecutively.
Appellant contends that the crime of wantonly pointing a deadly weapon merges into the crime of assault with intent to kill, and therefore, that he has been illegally sentenced on bill No. 377. I agree.
Before reviewing the relevant statutes here involved, it is necessary to briefly set forth the facts of this case.
Three eyewitnesses testified that appellant climbed through an apartment window with a gun. They all testified that he shot a Johnny Campo, and then fled. These witnesses testified that appellant did not shoot at anyone else in the apartment, nor did he point the *230 gun at anyone other than Mr. Campo. One eyewitness testified: "I saw Mr. Campo bleed, So he [appellant] told me to get out of the way; he didn't want to shoot me; he wanted to kill Mr. Campo." (NT 22). He further testified as follows:
"Q. Did you see where it was pointed, if anywhere?
"A. That's right.
"Q. Where?
"A. It was pointed at Mr. Campo."
The witness then reiterated that appellant had come to shoot only Mr. Campo, and told the witness to get out of the way.
The owner of the apartment, who was not an eyewitness to appellant's conduct, stated that she heard the appellant say: "I'm going to shoot all you `M. . .' so and so's." (NT 29) Another witness testified that earlier in the day, the appellant stated upon being unable to enter the apartment through the door: "I'll be back, and when I come back everybody in the house is going to get hurt." (NT 6).
In essence, then, the record reveals that although appellant made threats to several members of the apartment, the eyewitnesses to the incident testified without contradiction that appellant only pointed the gun at Mr. Campo, who was then shot by appellant.
The statutes applicable in the instant case are:
"Assault with intent to kill
"Whoever administers, or causes to be administered by another, any poison or other destructive thing or stabs, cuts or wounds any person, or by any means causes any person bodily injury, dangerous to life, with intention to commit murder, is guilty of felony, . . ." Act of June 24, 1939, P.L. 872, § 710, 18 P.S. § 4710.
"Pointing deadly weapons
"Whoever playfully or wantonly points or discharges a gun, pistol or other firearm at any other *231 person, is guilty of a misdemeanor. . . ." Act of June 24, 1939, P.L. 872, § 716, 18 P.S. § 4716.
The test used to determine whether one criminal offense has merged into another is whether one crime necessarily involves the other. Commonwealth v. Taylor, 193 Pa. Superior Ct. 386, 165 A. 2d 134 (1960); 22 C.J.S., § 10 at p. 44. In other words, if the more serious offense includes all the elements necessary to prove the lesser offense, the lesser offense merges into the more serious one. Commonwealth ex rel. Moszczynski v. Ashe, 343 Pa. 102, 21 A. 2d 920 (1941).
In applying the above standard to this case, I would hold that the misdemeanor of pointing a deadly weapon merged into the felony of assault with intent to kill. In essence, the felonious crime involves the causing of bodily injury by a means which is dangerous to life. In this case, the pointing and discharge of the gun was requisite to effectuate the assault and battery upon Mr. Campo. A conviction for the misdemeanor requires no more than pointing or discharging a gun at another person. Thus, since the elements of the misdemeanor are also necessary for proof of the felonious crime, the lesser offense merges into the more serious one.
It is important to note that the criminal conduct here involved was not a series of steps which could make the crimes separate and distinct, but one act, namely, an assault and battery upon a person with an intent to kill. Moreover, the record clearly indicates that appellant did not point or discharge the gun at any other person, so he can only be charged with the crime of pointing a deadly weapon at Mr. Campo.
In summary, I would hold that the crime of "Pointing deadly weapons" merged into the offense of "Assault with intent to kill." Since I would find a merger *232 of offenses as a matter of law, I would vacate the sentence on bill No. 377.
SPAULDING, J., joins in this dissenting opinion.