**UNITED STATES of America ex rel.
Jay MORTON**

v.

**Joseph R. BRIERLEY, Superintendent.**

**Misc. No. 4187.**

United States District Court
E. D. Pennsylvania.

April 24, 1969.

Melvin Dildine, Philadelphia, Pa., for relator.

Joseph Musto, Asst. Dist. Atty. of Philadelphia County, for respondent.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

The relator, Jay Morton, presently is incarcerated at the State Correctional Institution in Philadelphia, Pennsylvania. He is serving a four and one-half to eight year term of imprisonment imposed upon him by the Court of Quarter Sessions of the County of Philadelphia, Pennsylvania. After his conviction and the imposition of sentence on November 13, 1967, the relator filed a motion for a new trial which was denied on February 23, 1968. Subsequently, the judgment of sentence was affirmed by the Superior Court of Pennsylvania, and the relator's petition for allocatur to the Supreme Court of Pennsylvania was denied. On November 18, 1968, the relator filed a petition for writ of habeas corpus in this Court. For reasons discussed below this petition is denied.

The relator was charged with three crimes, i. e. assault and battery with intent to murder, in violation of Title 18 P.S. § 4710, playfully and wantonly pointing a firearm, in violation of Title 18 P.S. § 4716, and carrying a concealed

deadly weapon, in violation of Title 18 P.S. § 4416. The relator pleaded not guilty to all three charges, waived his right to a jury trial, and was convicted of assault and battery and wantonly pointing a firearm. He was sentenced to three and one-half years of imprisonment on the former charge, and one year of imprisonment on the latter.

Throughout the course of his state post-trial and appellate petitions the relator has advanced the contention upon which he relies here, i. e. in sentencing him to two separate terms of imprisonment the trial court acted improperly because the law of Pennsylvania prescribes merger of the two offenses of which he was convicted. See, e. g. Commonwealth v. Soudani, 398 Pa. 546, 159 A.2d 687 (1960); Commonwealth ex rel. Moszczynski v. Ashe, 343 Pa. 102, 21 A.2d 920 (1941), and Commonwealth v. Cox, 209 Pa.Super. 457, 466, 228 A.2d 30 (1967). He has contended that the evidence adduced at trial indicated that the assault and battery for which he was convicted "necessarily involved" the commission of all the acts which constituted the alleged offense of wantonly pointing a firearm and that, therefore, the trial court should have merged the lesser into the greater offense. See, Moszczynski, supra, 343 Pa. at 104, 21 A.2d 920. As noted above, this contention was rejected on appeal by the Superior Court of Pennsylvania. See, Commonwealth v. Morton, 212 Pa.Super. 228, 243 A.2d 211 (1968) (two judges dissenting on the basis that there was no evidence upon which to ground a separate conviction for wantonly pointing a firearm), and, in a per curiam order dated October 28, 1968, by the Supreme Court of Pennsylvania. The relator has urged here that the state trial court's failure to hold that the two offenses for which he was convicted merged for purposes of sentence has deprived him of his rights to due process of the law and equal protection of the law.

■■ It is clear that a general contention that the Commonwealth's prosecution of a defendant for the commis-sion of two separate offenses is violative of due process, is without merit. A state's imposition of separate penalties for the commission of acts which are closely-related factually but which the state courts consider to be separate offenses is, in and of itself, not a violation of due process of law. See, Ashe v. Swenson, 399 F.2d 40 (C.A.8, 1968). Certainly, Pennsylvania properly can establish as separate criminal offenses the crimes of assault and battery with intent to murder and wantonly pointing a firearm, and prosecute separately a defendant's commission of these offenses.

■■ The relator has argued here, however, that in his case there was no evidence presented at trial which could support a conclusion that there were two separate offenses and, that, therefore, the trial court mis-applied the Pennsylvania law of merger. There are insuperable barriers which prevent this Court from viewing the relator's petition from this perspective, for this Court neither should function as another state appellate court nor act affirmatively upon a petition for a writ of habeas corpus which is rested solely upon allegations as to state law. See, e. g. Worth v. Michigan, 291 F.2d 621 (C.A.6, 1961), and Gay v. Graham, 269 F.2d 482, 485 (C.A.10, 1959). A court at every level of Pennsylvania's judicial hierarchy already has concluded that a proper application of Pennsylvania's law of merger to the facts of this case supports the decision that the defendant could be convicted and sentenced for the commission of two separate state crimes. It would be presumptuous for this Court to question that conclusion, or, further, to upset a final determination of state law concurred in by the state's highest tribunal.

Had the relator presented evidence that in cases involving similar offenses and similar facts the courts of Pennsylvania uniformly had applied the law of merger to prohibit the imposition of separate sentences, this Court would be justified in examining in greater detail the merits of his petition. See generally, United States ex rel. Reis v. Leppig,

256 F.Supp. 881 (S.D.Fla., 1961), aff'd sub nom. Buchanan v. United States ex rel. Reis, 379 F.2d 612, (C.A.5, 1967). The relator has not done so, however, and, accordingly, the Court is unable to conclude that the imposition of two sentences by the trial court violated either his rights to due process of the law or equal protection of the law. Other than *Reis*, supra, the federal cases upon which the relator relies are inapposite. See, Dear Wing Jung v. United States, 312 F.2d 73 (C.A.9, 1962), and United States ex rel. Gerchman v. Maroney, 355 F.2d 302 (C.A.3, 1966).

For reasons discussed above the relator Jay Morton's petition for a writ of habeas corpus is hereby denied.

There is no probable cause for appeal.