UNITED STATES of America, Plaintiff-Appellee,

v.

Joseph CEDAR, Defendant-Appellant.

No. 24349.

United States Court of Appeals, Ninth Circuit.

Feb. 9, 1971.

**1034**

Carl M. Stein (argued), Sacramento, Cal., for defendant-appellant.

Richard Boulger (argued), Asst. U. S. Atty., James J. Simonelli, Asst. U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and TAYLOR, District Judge *

PER CURIAM:

Appellant was successful bidder for contracts authorizing the cutting and removal of Christmas trees from specified areas in a national forest. Appellant's activities, ostensibly under the authority of the contracts, led to his conviction under a sixteen-count indictment—seven counts alleging that he "did steal, purloin and knowingly convert to his own use things of value of the United States, to wit: fir trees of a value less than $100.00," in violation of 18 U.S.C. § 641; and nine counts alleging that he "did unlawfully cut and destroy fir trees which were growing, standing and upon land of the United States which had been reserved for public use" in violation of 18 U.S.C. § 1853.

Fourteen of the counts were based on the cutting· and removal of trees from

---

* Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

areas outside those specified in the contracts. The remaining two counts were based on the cutting within the authorized areas of trees which had a trunk diameter larger than the maximum permitted under the contracts, namely, "7.0 inches in diameter breast high."

■ Appellant argues that a government agent waived the area limitations of the contracts. He relies upon evidence that on one occasion a Forest Service official found appellant cutting outside the specified areas, and told appellant the violation would be excused but was not to be repeated; on another occasion, the official extended a boundary line to a road in order to make a portion of a specified sales area more accessible to appellant. Both incidents reflect an insistence upon the continued viability of the area limitations rather than a waiver of them. *Cf.* Groves v. Prickett, 420 F.2d 1119, 1126 (9th Cir. 1970).

■ Appellant argues that there was no evidence as to the breast-high diameter of the trees which were cut, but only the diameter at the top of the stump, approximately one foot from the ground. There was testimony, however, that the trunks of trees of the variety involved normally taper one to one-and-one-half inches between one foot from the ground and breast high. The jury could readily make the necessary calculation.

■ Appellant chose not to testify. He contends that he was penalized for exercising his Fifth Amendment right by comments made by the prosecutor in closing argument. In the course of summation, appellant's counsel challenged the accuracy of a map introduced by the government. The prosecutor responded as indicated in the margin.[1] It is evident to us, and must have been to the jury, that the prosecutor was referring to the failure of the defense to offer a better map, not to the failure of the defendant personally to appear as a witness. The prosecutor's opening sentences ("The defendant didn't like this map. He said it was inaccurate") were alone enough to make this clear to the jury since only defense counsel had criticized the map, not defendant personally.

No useful purpose would be served by a detailed discussion of appellant's contention that he was deprived of a fair trial by the personal bias and prejudice of the trial judge. It is sufficient to say that we have considered the contention with care, and are entirely satisfied that it is without merit.

We are also satisfied that the record does not support appellant's charge that his trial counsel's performance fell below the constitutional minimum.

Finally, appellant contends that the court erred in ordering the sentences imposed on the first seven counts to run consecutively with sentences imposed on the second seven counts. He points out that each of the first seven counts alleges theft of trees from one of seven different areas, and that each of the second seven counts alleges the cutting of trees in one of these same areas. He argues that a growing tree must be cut to be stolen, and therefore "the one crime merges into the other, and

1. "The defendant didn't like this map. He said it was inaccurate. It's the Government's map. We made it. Therefore, he, in some way, apparently, was damaged by it. Why didn't he bring in a map of his own? Bring up a map and say this is the way it really is, the way the area looks. They're all wrong on their map. Use my map. My map shows where the trees are, where the rivers are, where the areas were.

He might say, 'I didn't know where the trespass was. I wasn't out there. My map maker didn't have an opportunity to see the trespass area, although he could have if he wanted to go out and look at them.'

He could have come in with a map and said they're dead wrong. There aren't 31 stumps out there. My map is accurate.

Did he do that? He's not foreclosed from putting evidence on. He can call witnesses. He can call experts. Did he do it? No. This is all you have. It's easy to nitpick this, criticize it, but he didn't substitute anything for it."

·\* \* \* sentencing can only be for the more serious and not the lesser as well." [2]

 The same act or transaction may constitute two or more separately punishable federal offenses. Gore v. United States, 357 U.S. 386, 387, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Pereira v. United States, 347 U.S. 1, 9, 74 S.Ct. 358, 98 L.Ed. 435 (1954); Dean Wing Jung v. United States, 312 F.2d 73, 75 (9th Cir. 1962). Whether one federal offense merges with another for purposes of punishment is a question of statutory interpretation (Prince v. United States, 352 U.S. 322, 323, 324–325, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957)); and, generally, "where a greater offense includes a lesser, if the accused is convicted on both counts, it is clearly not the intention of Congress to permit the imposition consecutively of the maximum penalty possible on each count." Dean Wing Jung, *supra* 312 F.2d at 75. However, offenses merge only when proof of the elements of one necessarily establishes all of the elements of the lesser or included offense (Comment, 75 Yale L.J. 262, 318–19 (1965)); and here the elements of the two offenses differ markedly, each requiring proof the other does not.[3]

Other commonly considered indicia also point to a construction of the two statutes as creating separately punishable offenses. The two statutes were enacted at different times; it is apparent from their face that they serve distinct public purposes; there is nothing in their language, history, or purpose to suggest that they were merely variant formulations of the same wrong designed to afford prosecutors alternative approaches or to reach different classes of offenders. *Cf.* Magnolia Motor & Logging Co. v. United States, 264 F.2d 950 (9th Cir. 1959).

Affirmed.

2. Appellant does not raise the question of whether each count involved a separate offense under the applicable statute.

3. Merger does not result simply because the same evidence is offered to prove both offenses (Harris v. United States, 359 U.S. 19, 23, 79 S.Ct. 560, 3 L.Ed. 2d 597 (1959)), or because in the particular circumstances one of the offenses had to be committed in order to commit the other. *See* Morgan v. Devine, 237 U.S. 632, 638, 35 S.Ct. 712, 59 L.Ed. 1153 (1915).

Appellant suggests that the latter was true in this case. However, there was evidence that many trees which were cut were not removed.