**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Steven Franklin MARSHALL,**
**Defendant-Appellant.**

**No. 71–3527**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

July 7, 1972.

\* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al. 5 Cir. 1970, 431 F.2d 409, Part I.

Jack V. Eskenazi, Federal Public Defender, Miami, Fla. (Court Appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Charles O. Farrar, Jr., J. Daniel Ennis, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Marshall was convicted of two counts of theft from the mails, in violation of Title 18, United States Code, Section 1709. The evidence established that appellant, a Postal employee, removed two "test letters" from the mails while under the surveillance of Postal inspectors; and that immediately afterward he was apprehended and searched and the search revealed currency taken from the letters.

Appellant argues (1) that the district court erred in granting the Government's motion to dismiss one count of the indictment charging a lesser included offense—obstructing the mails—(thereby depriving the jury of the opportunity to pass on a misdemeanor charge); (2) that the search and resulting seizure of incriminating evidence was illegal; and (3) that the evidence was insufficient to support the conviction, particularly in light of allegedly improper in-court identification of the defendant by the arresting officers.

We reject the argument that Marshall was entitled as a matter of right to be tried on Count Three as well as on Counts One and Two of the indictment. The decision whether to prosecute an offense against the United States rests with the United States Attorney. United States v. Cox, 5 Cir. 1965 (En Banc) 342 F.2d 167, cert. den. sub nom. Cox v. Hauberg, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700; Dear Wing Jung v. United States, 9 Cir. 1962, 312 F.2d 73.

We find no violation of appellant's constitutional rights by the seizure of the "marked money". The search was legal, even if conducted without a warrant, if the Postal authorities had probable cause for arrest. Obviously, direct observation of the offense during its commission, as here, constitutes probable cause. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327.

The argument relating to the in-court identification of the defendant is refuted by the testimony of the witnesses themselves. It is clear that their identification was not the product of the leading questions by the prosecutor nor of the presence of one of them in the courtroom during the trial.

Affirmed.