UNITED STATES of America,
Plaintiff–Appellee,

v.

Ivanov JANKO and Konovalov Slobadanka, Defendants–Appellants.

No. 88–8723.

United States Court of Appeals,
Eleventh Circuit.

Feb. 16, 1989.

Frederick F. Cohn, Chicago, Ill., for defendants-appellants.

Robert L. Barr, Jr., U.S. Atty., William P. Gaffney, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

By negotiated plea, a special probation condition required defendants to leave the country which they had illegally entered, with permission to reapply for admission legally. The district court refused to remove this condition of probation. We affirm.

Ivanov Janko (also known as Mile Sarov) and Konovalov Slobadanka are Yugoslavians charged with the willful attempted use of counterfeit non-immigrant visas to gain illegal entry into the United States, a felony violation of 18 U.S.C.A. § 1546. The Government and retained counsel for the defendants negotiated a plea agreement wherein the Government reduced the charge to conspiracy to improperly enter the United States, a misdemeanor in viola-

tion of 8 U.S.C.A. § 1325. In return, the couple pled guilty to the lesser charge. Pursuant to the agreement, each defendant was sentenced to six months in the Attorney General's custody, sentence suspended, and placed on probation on the special condition that they leave the United States by a certain date and not return other than by lawful means.

They then filed motions to remove the special probation condition that required them to leave the country. The motions were denied.

On appeal, defendants argue the probation condition should be dismissed on the ground that it was either a denial of due process or constituted cruel and unusual punishment, and it violates the separation of powers doctrine because Congress has set up specific administrative procedures concerning exclusion and deportation of aliens and has specifically held that the judiciary has only appellate jurisdiction. 8 U.S.C.A. § 1105a(a).

■ We hold that the defendants waived any right to have their deportation determined by the Immigration and Naturalization Services' exclusion proceedings. The crime to which the defendants pled guilty involved illegal entry, and no authority has been suggested that would prevent them from agreeing to leave the country in exchange for a reduced charge.

■ At oral argument, for the first time, counsel for defendants raised some doubt as to whether defendants' waiver was voluntary. There is nothing in the record to suggest that the plea agreements were coerced, or in any way not voluntary. A condition of probation is not unconstitutional where it resulted from a negotiated plea agreement and was requested by the defense as an appropriate sentence. *See generally United States v. Martin*, 467 F.2d 1366 (7th Cir.1972).

■ Defendants' expulsion does not amount to either a due process violation or cruel and unusual punishment. They merely leave a place which they illegally entered. They are free to seek readmission by lawful means, even during the period of probation. *Cf. Dear Wing Jung v. United States*, 312 F.2d 73 (9th Cir.1962) (condition of departure leaving defendant no right to return to this country unconstitutional).

We have examined defendants' other arguments and find them unpersuasive. For the foregoing reasons, the judgment of the district court is

AFFIRMED.