**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George Adam POLCHLOPEK,**
**Defendant–Appellant.**

**No. 89–30065.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 1, 1989.*

Decided March 1, 1990.

Joseph Schlesinger, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

Steve Schroeder, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before BROWNING, KOZINSKI and RYMER, Circuit Judges.

PER CURIAM:

Polchlopek appeals the district court's imposition of a condition of probation that requires him to appear in Canada for the purpose of trial on charges filed against him in that country. The conduct subject to the Canadian prosecution would otherwise have been relevant to the determination of an appropriate sentence in this case, but by agreement of the parties and approval of the court, was not considered because of the expectation that defendant would stand trial on those charges in Canada. Defendant argues that the condition amounts to a mandatory waiver of his right not to be extradited and further contravenes the accepted principle that one sovereign cannot enforce the criminal laws of another. We affirm.

I

George Polchlopek is an American citizen, who permanently resides in Canada. In 1986, Polchlopek became the subject of a United States/Canadian investigation relating to the unlicensed exportation of parrots from the United States to Canada. This investigation resulted in charges filed against Polchlopek in both the United States and Canada. A five count indictment, returned in the Western District of Washington, charged Polchlopek with various offenses arising from the illegal exportation of parrots. Pursuant to a plea agreement, counts I through IV of the indictment were dismissed in return for a

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

guilty plea to count V. The plea agreement specifically stated that

> [t]he parties acknowledge that defendant GEORGE ADAM POLCHLOPEK is currently under criminal charges in Canada which are of a similar nature to Counts I through IV herein. In order to protect the defendant's right to trial in Canada, the parties agree not to litigate the facts underlying Counts I through IV in a hearing pertaining to sentencing or otherwise.

The probationary sentence included the standard condition: that he obey all national, state and federal law. After his release from custody, questions began to arise as to Polchlopek's plans. On February 9, 1989, the Probation Office instructed Polchlopek to surrender to Canadian authorities. Subsequently, Polchlopek filed a motion to clarify the conditions of his probation. He also sought a declaration that his surrender to Canadian authorities was not a condition of his probation and that the Probation Office was not authorized to impose such a condition.

On March 9, 1989, the court entered an Amendment to Judgment adding the following term and condition of probation:

> 4. That the defendant timely appear in Canada for the purpose of trial on the charges which he there faces, at such time as the Canadian courts direct.

In imposing this condition, the court reasoned that the conduct subject to the Canadian prosecution would otherwise have been relevant to the determination of an appropriate sentence for Polchlopek, but by agreement of the parties and approval of the court was not considered because of the expectation that Polchlopek would stand trial on those charges in Canada.

Polchlopek argues that the district court is not authorized to require his surrender to a foreign government as a condition of probation. He further contends that the condition amounts to a mandatory waiver of his right not to be extradited, and contravenes the accepted principle that one sovereign cannot enforce the criminal laws of another.

## II

■ Courts have broad discretion in setting conditions of probation. *Malone v. United States*, 502 F.2d 554, 556 (9th Cir. 1974), *cert. denied*, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975). To be valid, a condition of probation must be "reasonably related to the purposes of the Probation Act, 18 U.S.C. §§ 3651 et seq." *United States v. Dane*, 570 F.2d 840, 844 n. 5 (9th Cir.1977), *cert. denied*, 436 U.S. 959, 98 S.Ct. 3075, 57 L.Ed.2d 1124 (1978). To determine whether a reasonable relationship exists it is necessary to consider "the purpose sought to be served by the Probation Act—*i.e.* rehabilitation of the probationer, the extent to which the full constitutional guarantees available to those not under probation should be accorded probationers, and the legitimate needs of law enforcement in protecting the public." *Id.*

■ In his brief appellant admits that the requirement that he "not remain a *fugitive* from charges would clearly serve the probationary ends of promoting rehabilitation and protecting the public." This is, in effect, what was actually done.

The district court had the authority to condition probation on the compliance with any law, domestic or foreign. *Cf. Carmel v. Thomas*, 510 F.Supp. 784, 791 (S.D.N.Y. 1981) (parole may be conditioned on compliance with any law). Such a condition in this case, however, would have placed Polchlopek in immediate violation of probation. To avoid this problem, the court ordered Polchlopek to timely appear in Canada to face charges. Given that Polchlopek's sentence was determined with the expectation that he would stand trial in Canada, we cannot say that this condition of probation was unreasonable.[1]

AFFIRMED.

---

1. This case is distinguishable from *Dear Wing Jung v. United States*, 312 F.2d 73 (9th Cir.1962).

In *Dear Wing Jung* the court suspended the defendant's sentence on the condition that he depart from the United States. Since the defendant was not a citizen of the United States, the court's condition amounted to a banishment from this country and from his family who presumably intended to remain here. "Deportation is a sanction which in severity surpasses all but the most Draconian criminal penalties."

*Lok v. INS*, 548 F.2d 37, 39 (2d Cir.1977). The court's condition in this case is not deportation. Polchlopek, as a United States citizen, is free to return to this country once he complies with the conditions of his probation. Further, *Dear Wing Jung* did not bargain for deportation. Polchlopek's plea agreement and sentence, in contrast, depended on the expectation that he would stand trial in Canada.