[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
These two habeas corpus petitions were ordered consolidated for trial, each presenting a separate claim for relief. CT Page 11927
The actions arise from the petitioner's sentencing on August 29, 1996 after his conviction of reckless endangerment in the first degree and criminal mischief in the first degree. The petitioner was sentenced to one year and a fine of $2,000 on the reckless endangerment charge; five years, execution suspended after four and one-half years and a fine of $5,000.00 on the charge of criminal mischief in the first degree. The sentences were to run consecutively for a total effective sentence of six years, execution suspended after five and one-half years and fines of $7,000.00. Probation was ordered on each count for a period of five years with special conditions of probation that the petitioner have no contact with the victim or members of the victim's family and upon commencement of probation the petitioner is to leave the State of Connecticut and not return.
Case CV 98-0413665S, to be referred to as the first case, was instituted by the petitioner pro se. In his petition he seeks relief from the court imposed fines of $7,000.00 and his "banishment" from the State of Connecticut. No amended petition was filed in this case.
Case CV 98-0414260, the second case, alleges ineffective assistance of counsel.
Because of the manner in which the issues have been presented, the court will address the second case first.
 I
The petitioner's claim of ineffective assistance of counsel is based on trial counsel's failure to object at sentencing to the court's imposition of fines and to the condition of probation that he leave Connecticut and never return.
Claims of ineffective assistance of counsel must be measured by the dual requirements of Strickland v. Washington,466 U.S. 668, 686 (1984). A petitioner must show that: "(1) his attorney's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."
Sentence having already been pronounced, it would appear highly doubtful that counsel's protest after the fact would have reversed the outcome. This presumption is supported by the CT Page 11928 sentencing court's question to the prosecutor after imposing sentence as to whether this was a legal sentence.
The response was "I've heard that it is not, but I've never seen it challenged, your F Honor, so we would be happy to argue it in the Appellate Court."
This exchange ended when defense counsel concurred by saying his client would be leaving Connecticut. Counsel made no reference to the fines imposed.
While opinions could vary as to what counsel should have said or done under these circumstances, the court cannot find that the second test of the Strickland case should be resolved in the petitioner's favor.
For this reason, the petitioner in CV 98-0414260 is denied and judgment may enter for the respondent.
 II
The first case seeks relief from the portions of the sentence which imposed $7,000.00 in fines and ordered the petitioner to leave the state and not return. These issues must be addressed separately.
 A
In his pro se petition, the petitioner seeks relief from the court ordered payment of $7,000.00 in fines. He is 70 years old and has been incarcerated since 1994. The evidence before the court is that he is indigent, in fact he was found so by another court. The court concludes that he has no funds to pay these finds and would only be able to discharge this obligation by serving additional time.
If he were to be left to "work off" these fines, the result would be a further sentence of almost two years.
The petitioner does not question the court's authority to levy the fines, but rather seeks relief by way of remittance, at the time when he is obligated to pay them in order to achieve probation status. That time is close at hand and it is not likely he will achieve affluence in the immediate future.
Section 54-74 of the General Statutes authorizes the court to CT Page 11929 remit fines to further the ends of justice. The petitioner did not intentionally render himself unable to pay these fines. The imposition of an additional sentence at his age would be inappropriate to say the least.
Therefore, the relief requested in case CV 98-0413665s is granted and the fines imposed on August 29, 1996 are remitted.
 B I
The respondent argues that the petitioner's claim as to the portion of the sentence ordering him to leave and remain out of Connecticut should not be addressed because it was not included in the petitions in either case discussed in this decision. Thus, he claims he was not afforded an opportunity to properly defend against this claim.
While it is true that such a claim per se is not stated, it is included in the second case as one of the examples of the alleged ineffective assistance of counsel.
More significantly, it also appears as a specific complaint in the first case in a "Motion For An Expedited Hearing — Decision" filed on January 25, 1999. Paragraph 5 alleges the infirmity of the order in question as a basis for an expedited hearing. It is therefore the conclusion of the court that the respondent was on notice of the involvement of this issue and he could have addressed it or asked the court for an opportunity to otherwise supplement any deficiency in his presentation.
There is yet another compelling reason for the court to address this issue in this proceeding. Should the court decline to address it, the petitioner would still have recourse to Section 43-22 of the Practice Book. That section provides:
Sec. 43-22. Correction of Illegal Sentence
 The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner.
This language appears to give this court the option to address an "illegal" sentence or disposition at its discretion. CT Page 11930
It would appear more efficient and economical to "take this on" in this proceeding rather than invite still another unnecessary proceeding with accompanying delay and expense.
The respondent suggests in his post trial brief that the petitioner waived any objection to the condition in question.
While the record indicates counsel agreed to abide by the condition to leave the State, such a condition should not be permitted to stand when it is questioned. This should be especially so when it was "accepted" in the course of sentencing — a sentencing at which it was obvious the court was prepared to "throw the book" at this petitioner.
These conditions are not conducive to knowing and voluntary waivers. Nor does it appear that the petitioner was consulted about counsel's decision and no canvass occurred to indicate a knowing waiver.
 III
In imposing the condition in question, the court stated no reason for such drastic action and in no way related it to a need to protect the victims of the offenses, rehabilitate the defendant, effect restitution, or to any other purpose of probation.
Section 53a-30 (a) lists the conditions a court may impose with probation. The term of "banishment" imposed in this case can in no way be related to any of the state purposes.
In Reno v. Flores, 113 S. Ct 1439 (1993), regulations affecting the detention of juvenile aliens who were "deportable" were attacked. The court found the process was connected to the government's interest and was not punitive since it was not excessive in relation to that valid purpose. Id. at 1442.
However, the court went on to discuss "due process of law" and noted the government is forbidden to infringe certain "fundamental" liberty interests at all, . . ., unless the infringement is narrowly tailored to serve a compelling state interest." Id, at 1447.
While Connecticut has apparently not yet confronted such a condition as the one in question, the respondent has included in CT Page 11931 his brief an excellent discussion of cases in other jurisdictions dealing with so-called "banishment" provisions. Most states have found them to be an invalid infringement of one's fundamental rights.
Court ordered departure from the United States was found to be cruel and unusual punishment or a denial of due process inDear Wing Jung v. United States, 312 F.2d 73 (9th Cir. 19862) at pg. 76.
It should be noted that none of these cases involve deportation proceedings, an entirely separate area.
It is the conclusion of the court that the condition of probation imposed on the petitioner excluding him from this state is invalid under the United States Constitution. That condition is therefore ordered stricken from the sentence imposed on August 29, 1996. In all other respects said sentence shall remain as imposed.
The petitioner in CV 98-0413665S is therefore granted to that extent.
Anthony V. DeMayo, Judge Trial Referee