**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cory J. PELLETIER, Defendant—Appellant.**

**No. 03–16235.**

**D.C. No. CV–01–00592–KJD.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 19, 2004.*

Decided July 26, 2004.

Karyn Kenny, Esq., Daniel B. Bogden, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., Federal Public Defender's Office, Las Vegas, NV, Frances A. Forsman, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Cory J. Pelletier was convicted of operating a motor vehicle while under the influence of alcohol in violation of 36 C.F.R. § 4.23(a)(1), operating a motor vehicle with a blood alcohol content (BAC) great than .10 in violation of 36 C.F.R. § 4.23(a)(2), and unsafe operation in violation of 36 C.F.R. § 4.22(b)(1). Pelletier contended that all three counts should merge for sentencing purposes because they derived from a single act of driving. The District Court upheld the magistrate court's sentence, which merged the DUI counts, but did not merge the unsafe operation count. Pelletier was sentenced to fines totaling four thousand dollars ($4,000.00), a ten dollar ($10.00) penalty assessment and three years probation.

** This disposition is not appropriate for publication and may not be cited to or by the

When the same act violates two statutory provisions, there are two offenses instead of one if "each provision requires proof of a fact which the other does not." *United States v. Anderson,* 850 F.2d 563, 567 (9th Cir.1988). Pelletier's DUI conviction required proof that he operated the vehicle while he was under the influence of alcohol, but did not require proof of an actual act of unsafe driving. His conviction of unsafe driving required proof of actual unsafe driving but did not require proof that he was under the influence of alcohol. Because "offenses merge only when proof of the elements of one necessarily establishes all of the elements" of the other, *United States v. Cedar,* 437 F.2d 1033, 1037 (9th Cir.1971) (per curiam), the district court was correct in refusing to merge the DUI and the unsafe operation counts. Accordingly, we affirm the sentence imposed by the District Court.

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.