**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jack SEIBERT, Defendant—Appellant.**

**No. 04–10171.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2004.

Decided Feb. 7, 2005.

Darin Lahood, AUSA, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

## MEMORANDUM *

██ Because there were no objections to the prosecutor's questions or remarks during trial or at final argument, our review is for plain error, not mere error.[1] There was no plain error.  First, it was

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See United States v. Sanchez,* 176 F.3d 1214, 1218 (9th Cir.1999).

hard to sort out whether the prosecutor was asking and talking about Seibert's prior inconsistent statements or his silence, and the former would be permissible.[2] Second, without objection, the trial judge could not know whether the defense attorney was purposely withholding objection to objectionable material, in order to lead the prosecution into something that would open up useful evidence for the defense.[3] Also, there was no prejudice from whatever error there may have been, because the evidence of guilt was overwhelming.

■ The district court did not err by imposing separate sentences for possessing a sawed-off shotgun[4] and for being a felon in possession of a shotgun.[5] The two offenses did not merge, because they are not the same thing. One applies to sawed-off shotguns whether the person in possession is a felon or not, the other applies to felons possessing shotguns, whether they are sawed-off or not. Where each offense contains an element not contained in the other, they do not merge, and separate punishment does not amount to double jeopardy.[6]

Because the Supreme Court's decision in *United States v. Booker*[11] changes the context in which district judges impose sentences, review of Seibert's sentence imposed under pre-*Booker* law is unnecessary. We remand so that the district judge may determine whether the change in the law would make a difference in the

sentencing of this case. If the district judge determines that it does, he may vacate the sentence and resentence Seibert.

AFFIRMED in part and REMANDED.

---

**2.** *See Anderson v. Charles*, 447 U.S. 404, 408, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980).

**3.** *See United States v. Molina*, 934 F.2d 1440, 1448 (9th Cir.1991).

**4.** 26 U.S.C. § 5861(d) (2003).

**5.** 18 U.S.C. § 922(g)(1) (2003).

**6.** *See United States v. Dixon*, 509 U.S. 688, 696–97, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Brown v. Ohio*, 432 U.S. 161, 168–69,

97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Cedar*, 437 F.2d 1033, 1036 (9th Cir.1971); *see also United States v. Parker*, 960 F.2d 498, 499–500 (5th Cir.1992).

**11.** *United States v. Booker*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

