**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Glen Douglas COTHRAN,
Defendant–Appellant.**

**No. 87–8677.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 19, 1988.

**750**

Paul S. Kish, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

William R. Toliver, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT and KRAVITCH, Circuit Judges, and PAINE *, District Judge.

PAINE, District Judge:

A jury convicted defendant/appellant Glen Douglas Cothran of willfully distributing cocaine to a minor in violation of 21 U.S.C. § 845(a). Under the statute, the district court was empowered to imprison Cothran for a term of up to 30 years and to

impose a fine of up to $250,000. Instead, the district court fashioned a 66 month split sentence which was designed to rehabilitate Cothran and protect the public from future unlawful conduct on his part. Specifically, Cothran was sentenced to the custody of the Attorney General for 66 months. He was required to be confined in a community treatment center for six months and the execution of the remainder of the sentence of imprisonment was suspended. The defendant was placed on probation for a period of 60 months. As a special condition of the probationary period, Cothran was required to reside at a community center for six months consecutive to the custody commitment. Defendant was also required to stay out of Fulton County, Georgia for the first two years of his probation unless he received the permission of his probation officer.[1]

Cothran challenged the special condition of his probation which allegedly "banished" him from Fulton County, Georgia. He filed a motion to correct sentence pursuant to Fed.R.Crim.P. Rule 35(a) but the district court denied his motion. Cothran appeals the district court's decision to deny his motion and we have jurisdiction to hear his appeal pursuant to 28 U.S.C. § 1291. For the reasons set forth below, the decision of the district court is affirmed.

I.

Prior to his arrest and conviction, the defendant resided and spent most of his free time in southeast Atlanta, Fulton County, Georgia. The parties agree that the area has an extremely high incidence of street level narcotics activity. Cothran, a 26 year old, was a very popular figure among young children in the community and teenagers at Fulton High School. Apparently, his popularity in the community made it relatively easy for Cothran to induce local minors to sell illegal drugs for

---

* Honorable James C. Paine, U.S. District Judge, for the Southern District of Florida, is sitting by designation.

1. The district court's Judgment and Probation Order also sets forth three other special conditions of probation: (1) Defendant is required to obtain his GED within the first three years of his probation; (2) Defendant must maintain full time employment; and (3) Defendant must reside in a place acceptable to his probation officer.

him. In the case *sub judice*, a jury found Cothran guilty of distributing cocaine to a local 15 year old.

■ Pursuant to 18 U.S.C. § 3651,[2] the district court imposed a 66 month split sentence upon Cothran. The district court described its reasons for imposing the split sentence as follows:

> The facts at trial and the PSI Report both relate that defendant frequents many high crime areas in South Atlanta. The main purpose of the split sentence imposed here is to isolate defendant from bad influences and environments without incarcerating him. This can be accomplished through the sentence to half-way facilities and by excluding him from geographic areas which would facilitate unlawful conduct. This is especially important in a case such as this where limited exclusion from Fulton County also serves public safety purposes. As was brought out at trial, defendant was an attractive figure, and perhaps a role model, to many adolescents and children who were present where defendant spent a good deal of his time. Exclusion from Fulton County will incapacitate defendant to the extent that he could exert an influence over these persons.

District Court Order of August 13, 1987 at 2.

Cothran contends that the condition of his probation which requires that he stay out of Fulton County, Georgia for the first two years of his probation unless he receives the permission of his probation officer is improper for two reasons. First, Cothran maintains that his temporary removal from his home county amounts to an illegal "banishment" which is contrary to public policy. Second, Cothran urges that a more narrowly drawn condition of proba-

tion could be imposed to foster his rehabilitation and protect the public.

## II.

In reviewing the district court's decision to impose the specific condition of probation contested by the defendant, this court must determine if the district court abused its discretion. *See United States v. Tonry*, 605 F.2d 144, 148 (5th Cir.1979);[3] *United States v. Beros*, 833 F.2d 455, 467 (3rd Cir.1987); *Fiore v. United States*, 696 F.2d 205 (2d Cir.1982). The court reminds the defendant at the outset of its discussion that probationers are often subject to limitations to which ordinary citizens are free. "Such limitations are permitted because probationers have been convicted of crimes and have thereby given the state a compelling interest in limiting their liberty in order to effectuate their rehabilitation and to protect society." *Owens v. Kelley*, 681 F.2d 1362, 1367 (11th Cir.1982).

A district court satisfies 18 U.S.C. § 3651 and does not abuse its discretion by imposing a specific condition of probation,

> ... so long as it is reasonably related to rehabilitation of the probationer, protection of the public against other offenses during its term, deterrence of future misconduct by the probationer or general deterrence of others, condign punishment, or some combination of these objectives. Probation is a part of the composite sanction imposed for law violation, and the validity of probation conditions is to be viewed in that light, not weighed in isolation. In determing to impose some imprisonment or none, some fine or none, some probation or none, and some conditions the violation of which will warrant termination of probation, the sentencing

---

2. Pursuant to the 1984 Comprehensive Crime Control Act, effective November 1, 1987, the probation statute discussed in the present case was repealed and a new probation statute was codified at 18 U.S.C. § 3561, *et seq*. However, since the defendant was convicted and sentenced before the effective date of the new probation statute this court will review Mr. Cothran's appeal in light of 18 U.S.C. § 3651 which provides that a district court "may suspend the imposition or execution of sentence and place

the defendant on probation for such period and upon such terms and conditions as the court deems best."

3. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

judge is given wide discretion to compound a prescription for the individual case before him.

*Tonry,* 605 F.2d at 148.

■ In the instant case, the district court noted that the Pre–Sentence Investigation Report and facts brought out at trial supported the conclusion that Cothran frequented many high crime areas in Fulton County, Georgia. The district court also recognized that the defendant was a popular figure among impressionable adolescents in his home community. In light of the crime for which Cothran was convicted, it can hardly be argued that the district court's challenged condition of probation is not reasonably related to the protection of the public from other offenses by the defendant during his term of probation.

The court also finds that the district court's challenged condition of probation is reasonably related to Cothran's rehabilitation. The defendant's temporary exclusion from Fulton County combined with his mandatory residence at a distant community treatment center offers this defendant an unique opportunity to start anew and break free of the environment and familiar influences which encouraged him to peddle cocaine to minors in the first place.[4]

Cothran's suggestion that his temporary removal from Fulton County amounts to an illegal banishment is simply unpersuasive. Cothran ignores the fact that he may still enter Fulton County with the permission of his probation officer. Thus, the defendant is not totally and unequivocally banished from his home county.

The government correctly points out that the actual application of the district court's challenged condition may not be as restrictive as the defendant alleges. For example, an arrangement between the defendant and his probation officer that permits Cothran to enter certain areas of Fulton County for employment or educational purposes would clearly not violate the specific terms of the district court's imposed condition of probation (Gov't. Brief at 17).

Furthermore, the federal circuit court decisions cited by Cothran are clearly distinguishable from the instant case. They each involve circumstances where alien defendants were required to leave and remain outside of the United States during the entire period of probation. *See United States v. Abushaar,* 761 F.2d 954, 958 (3rd Cir.1985); *Dear Wing Jung v. United States,* 312 F.2d 73 (9th Cir.1962). Such a harsh and unreasonable condition of probation is simply not present in the case before the court.[5]

The court also notes that while no federal circuit court appears to have addressed the issue presently before us, the Supreme Court of Georgia has held in *State v. Collett,* 232 Ga. 668, 208 S.E.2d 472 (1974) that a defendant's one year banishment from seven counties in Georgia, as a condition for suspension of a sentence, did not violate the public policy of Georgia. *See also, Parrish v. State,* 182 Ga.App. 247, 355 S.E.2d 682 (1987); *Cobb v. State,* 437 So.2d

---

**4.** Prior to the district court's sentencing of the defendant, counsel for the defendant filed a "Sentencing Memorandum" in which the following representations were made:

> Although he is .very close to his family, Defendant realizes that many of the problems caused by the investigation which led to this case are directly related to the environment in which he lives. Because of this realization, if this Defendant is not incarcerated on the present charge, he plans to leave his family and neighborhood.

DE 29, Cothran's Sentencing Memorandum of July 1, 1987.

**5.** In *Abushaar,* the Third Circuit held that a condition of probation imposed upon an alien who pleaded guilty to making false statements

to a United States agency that he serve his probation time outside of the country was impermissible because it was completely unrelated to his rehabilitation or public safety and the condition amounted to *de facto* deportation of the probationer. *Abushaar,* 761 F.2d at 959. Such *de facto* deportation merely circumvented the laws and regulations relating to the deportability of aliens. *Id.*

In *Dear Wing Jung,* the Ninth Circuit stated: "If, as the government contends, the defendant is not a citizen of the United States, his departure therefrom would leave him without any right to return to this country.... [or his] wife and children, who will presumably remain here." *Dear Wing Jung,* 312 F.2d at 76. *Abushaar* and *Dear Wing Jung* are plainly distinguishable from the present case.

1218 (Miss.1983). Similarly, Congress has recently chosen to empower federal courts with the authority to require a probationer to "reside in a specific place or area, or refrain from residing in a specific place or area." 18 U.S.C. § 3563(b)(14). While neither the Georgia Supreme Court's holding nor Congress' recent enactment is controlling over the disposition of the issue before the court, they each suggest that the district court's challenged condition of probation is simply not contrary to public policy.

Cothran's second argument that the district court's challenged condition of probation could have been more narrowly drawn to foster his rehabilitation and protect the public is also unpersuasive. The government stated at oral argument that Fulton County is but one of 46 counties within the Northern District of Georgia. The defendant concedes that all of the criminal activity for which he was convicted took place in Fulton County. We simply fail to see an abuse of discretion.

Defendant's observation that 200 yards east of the Fulton County–DeKalb County border lies a housing project known for its high incidence of criminal activity and often frequented by the defendant prior to his arrest and conviction merely suggests that the district court's challenged condition of probation could have been drawn wider to achieve its rehabilitative and public safety goals. Furthermore, the statements that "Mr. Cothran can easily commit similar crimes in almost any location" (Cothran Br. at 18) and "Removing Appellant from Fulton County will not prevent him from committing similar offenses in the future" (Cothran Br. at 19) do not support the conclusion that a more narrowly drawn condition of probation could have been imposed by the district court. Instead, such remarks merely invite the court to question whether Mr. Cothran's present sentence is too lenient.

The court rejects defendant's argument that the district court abused its discretion in requiring that he stay out of Fulton County, Georgia for the first two years of his probation unless he received the permission of his probation officer. Accordingly, the decision of the district court is

AFFIRMED.