The plaintiff, Mike Junkins, appeals from a summary judgment in favor of the defendant, the Glencoe Volunteer Fire Department.
This case arose from the Glencoe Volunteer Fire Department's undertaking to extinguish a fire at Junkins's residence. On November 14, 1992, the Fire Department responded to a fire at Junkins's home at approximately 6:23 p.m. The firemen extinguished the fire and left Junkins's home at approximately 9:00 p.m. The Fire Department's report on the fire indicates that the house and its contents were destroyed. *Page 770 
At approximately 12:03 a.m. on November 15, 1992, the fire department received notice of another fire at Junkins's house. The Fire Department again responded to the call and extinguished the fire.
Junkins sued the City of Glencoe and the Glencoe Volunteer Fire Department, alleging that they were negligent in extinguishing the first fire, and that their negligence had allowed the fire to reignite. He sought damages for further property loss that he claimed was caused by the second fire, as well as damages for mental anguish.
The City of Glencoe and the Fire Department moved for a summary judgment and filed a brief in support of their motion, in which they argued that they were entitled to statutory immunity from Junkins's claim. They also supported their motion with the affidavits of two of the firefighters who responded to the fires at Junkins's home, in which the firefighters stated that they followed Fire Department procedures for extinguishing the fire and that they inspected the house for signs of possible reignition. The trial court conducted a hearing on the motion, and afterwards entered a summary judgment in favor of both defendants, stating only that there were no genuine issues of material fact. Junkins appeals only as to the Fire Department.
A summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P.; Bussey v. JohnDeere Co., 531 So.2d 860, 862 (Ala. 1988). The party moving for a summary judgment must present, in support of its motion, evidence that would be admissible at trial. Rule 56(e), Ala. R. Civ. P. When the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party to rebut the showing by presenting substantial evidence creating a genuine issue of material fact.Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794,797-98 (Ala. 1989). Evidence is "substantial" if it is "of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989). On review of the trial court's judgment, we are required to view the record in a light most favorable to the nonmovant and to resolve all reasonable doubts in favor of the nonmovant. Hanners v. BalfourGuthrie, Inc., 564 So.2d 412, 413 (Ala. 1990).
A review of the record indicates that the Fire Department submitted evidence establishing a prima facie showing that it was not negligent and that Junkins failed to present any evidence in opposition to that showing. Although an affirmance would be appropriate based on Junkins's failure to present evidence, to affirm for such a reason would imply that Junkins's claim could otherwise be properly maintained. Therefore, we must also address the immunity issue.
Junkins argues that the Fire Department is not entitled to immunity. Immunity for claims stemming from the rendition of fire-prevention services is provided in § 11-89-15, Ala. Code 1975, which states:
 "The furnishing of fire protection service by a district is hereby declared to be a governmental function.
 "The district shall not be liable for any tort, whether negligent or willful, committed by any director, agent servant or employee of the district in the furnishing of fire protection service or in the construction, maintenance or operation of any fire protection facility."
"Fire protection service" is defined as:
 "All services involved in protecting property and life from fires, including, but not limited to, discovering, ascertaining, extinguishing, preventing the spread of or fighting fires or inspecting property for fire hazards or any part or combination thereof. The supplying of water for use in the rendition of fire protection service shall be deemed to constitute fire protection service."
§ 11-89-1(11). The Etowah County Commission was authorized to establish fire districts by Alabama Constitutional Amendments No. 432 (1982) and No. 445 (1984). These amendments also authorize the county commission to enter into agreements with volunteer fire departments for fire protection *Page 771 
services. Id. The Glencoe Volunteer Fire Department is one of 13 departments established under and funded by the Etowah County Fire Protection District.
Immunity from civil liability is also statutorily provided to individual firefighters in § 6-5-335, Ala. Code 1975, which states in pertinent part:
 "When any member of any organized rescue squad or volunteer nonprofit fire department, gratuitously and in good faith, enters any building, house, or structure which is burning or endangered by fire and makes efforts to preserve and protect said property and any other property contained therein or located on the premises thereof, such members shall not be liable for any civil damages for such entering or as a result of any acts or omissions in rendering such efforts; . . . provided, however, that this section shall not apply to civil damages for wanton misconduct."
The Fire Department argues that these statutes should be interpreted to extend immunity to the fire departments that comprise the fire district. In Weeks v. East Alabama Water,Sewer Fire Protection District, 401 So.2d 26 (Ala. 1981), our Supreme Court affirmed an order dismissing an action against the District that was based on allegations of negligence in rendering fire protection services. The Court held that in §11-89-15, the legislature had exercised its preemptive right to declare that a public corporation that it has created cannot be sued, and that the District was afforded immunity from tort liability by that statute. Id. at 28.
Fundamental to statutory interpretation is the rule that the courts are to ascertain and give effect to the intent of the legislature in enacting the statute. John Deere Co. v. Gamble,523 So.2d 95 (Ala. 1988). In construing a statute, this Court should, when possible, determine the intent of the legislature from the language of the statute itself. Pace v. ArmstrongWorld Industries, Inc., 578 So.2d 281 (Ala. 1991). "We may also look to the reason and necessity for the statute and the purpose sought to be obtained by enacting the statute." Id. at 283 (citation omitted). Thus, the legislative intent "may be gleaned from considering the language used, the reason and necessity for the act, and the goals sought to be accomplished." McGuire Oil Co. v. Mapco, Inc., 612 So.2d 417,422 (Ala. 1992) (citation omitted); Ex parte Sanders,612 So.2d 1199 (Ala. 1993).
Furthermore, the rules of statutory interpretation require that all statutes relating to the same subject or having the same general purpose be read together to aid in determining legislative intent. Florence v. Williams, 439 So.2d 83, 87
(Ala. 1983). Related statutes shall be read in pari materia to ascertain the meaning and intent of each. State v. Thomas,611 So.2d 472, 474 (Ala.Crim.App. 1992).
Examining § 11-89-15, which the Fire Department argues affords it immunity from civil suit, in pari materia with §6-5-335, convinces us that, by enacting these statutes, our legislature intended to provide a legislative scheme that would afford immunity to the entities and persons involved in fire prevention services except in circumstances involving wantonness by individual fire fighters. The reasons for the necessity of such legislation is undoubtedly to enable local governments to provide fire protection to their citizens. Without such immunity, fire departments may be unable to exist for lack of volunteers willing to engage in such perilous work where they also must fear becoming the object of a lawsuit if someone were to deem them negligent in their performance of an inherently dangerous job where damages and injury are likely to result despite firefighters' best efforts. Thus, we believe that the legislature, in enacting § 11-89-15, intended the grant of immunity to encompass the fire departments that exist under the Fire Districts for their performance of "fire protection services."
We will not interpret a law in such a way as to render it meaningless. Reserve Nat'l Ins. Co. v. Crowell, 614 So.2d 1005
(Ala. 1993), cert. denied, 510 U.S. 824, 114 S.Ct. 84,126 L.Ed.2d 52 (1993). Furthermore, we note that "when a literal interpretation would defeat the purposes of a statute, that interpretation should not be adopted if any other reasonable construction can be given *Page 772 
to it." Sizemore v. Franco Distr. Co., 594 So.2d 143, 146
(Ala.Civ.App. 1991) (citation omitted). Likewise, a statute is to be given a practical construction and not applied in such a way as to lead to absurd results. Id.
We think that to interpret § 11-89-15 to extend immunity only to Fire Districts, as Junkins urges, would render an unreasonable result by protecting the districts from being sued, while allowing the fire departments, the entities that actually render the protection service, to be sued. Also, considering that civil immunity for negligence is also afforded to individual firemen, to allow fire districts to be subjected to negligence claims would be inconsistent with the intent of the legislature manifested in the overall scheme that protects every other facet of fire protection services provided under the fire districts.
The issue presented, i.e., to which entities should immunity extend, is analogous to the issue of State immunity. Article I, § 14, Alabama Constitution of 1901, provides that "the State of Alabama shall never be made a defendant in any court of law or equity." This has been repeatedly interpreted to mean that the state and its agencies have absolute immunity from suit in any court. Mitchell v. Davis, 598 So.2d 801 (Ala. 1992). "State officers and employees, in their official capacities and individually, are absolutely immune from suit when the action is, in effect, one against the State." Id. at 806 (holding that the Department of Human Resources is immune from civil liability). While this immunity has some exceptions, the general rule is that a state officer or employee cannot be subjected to an action where a result favorable to the plaintiff would adversely affect the State. Id.
In Smith v. Arnold, 564 So.2d 873 (Ala. 1990), our Supreme Court held that a psychiatrist employed in a state facility was immune from liability for negligence, because, otherwise, "exposure to liability for [decisions made in exercising his duties], which are made on the State's behalf, would . . . impose undesirable shackles on the agencies of government." 564 So.2d at 876. See also Rutledge v. Baldwin County Comm'n,495 So.2d 49 (Ala. 1986) (holding that county employees who issue driver's licenses act as agents of the Department of Public Safety and are entitled to immunity as agents of the State); and Hereford v. Jefferson County, 586 So.2d 209 (Ala. 1991) (holding that a deputy sheriff, as a legal extension of the sheriff, was entitled to the same immunity as the sheriff acting on behalf of the State). The Court in Armory Comm'n ofAlabama v. Staudt, 388 So.2d 991 (Ala. 1980), observed that a judgment against a public corporation created by the State, in that case the Armory Commission, would directly diminish the amount of funds appropriated by the State to the Commission and could, as a result, adversely affect the State treasury. Thus, the Court held that the Armory Commission was an arm of the State and that a claim against the Armory Commission was constitutionally barred. Id. at 994.
We believe that the same logic applies to the present case. Section 11-89-15 prohibits an action against a fire district. The Etowah County Fire District appropriates funds to the Fire Department. The success of Junkins's claim against the Fire Department would diminish its funding; a diminution in funding would in turn adversely impact the Fire District by requiring the District to provide additional funding. Therefore, we hold that the Fire Department, as an arm of the Etowah County Fire District, is entitled to immunity from civil liability under § 11-89-15, Ala. Code 1975.
The trial court properly held that there were no genuine issues of material fact and that the Fire Department was entitled to a judgment as a matter of law. The summary judgment in favor of the Fire Department is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur. *Page 1195