[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15886
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00031-RDP-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS M. SHEPHEARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 15, 2017)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Dennis Shepheard was convicted of two counts of making harassing communications under Ala. Code § 13A-11-8(b), as assimilated by 18 U.S.C. § 13(a).[1] After a bench trial held before a magistrate judge pursuant to 18 U.S.C. 3401(a), Shepheard was found guilty of harassing employees of the Department of Veterans Affairs (the VA) by making hundreds of telephone calls over a six-week period. On appeal to the district court, Shepheard's conviction and sentence were affirmed. *See* 18 U.S.C. § 3402. Before this Court, Shepheard contends the magistrate judge and the district court erred because his calls fell within a safe harbor provision in the statute. Alternatively, he asserts the statute is unconstitutionally vague. In addition, Shepheard appeals the special condition appended to his twenty-four month probation, which prevents him from contacting the VA by phone except to talk to his doctors or to schedule appointments and receive medications. After review,[2] we affirm.

---

[1] Under the Assimilative Crimes Act, a defendant who commits an act in certain areas situated within but not under the jurisdiction of a state, commonwealth, territory, possession, or district that would be punishable if committed within such jurisdiction is "guilty of a like offense and subject to a like punishment" under federal law. 18 U.S.C. § 13(a).

[2] Where a defendant has been convicted in a bench trial before a magistrate judge and obtained review from the district court, we review the magistrate judge's decision using the same standard as the district court. *United States v. Pilati*, 627 F.3d 1360, 1364 (11th Cir. 2010). We review *de novo* whether a criminal statute is unconstitutionally vague as applied to a defendant's conduct. *United States v. Nelson*, 712 F.3d 498, 504 (11th Cir. 2013). We review a sentencing

2

## I. DISCUSSION

*A. Legitimate Business Telephone Communications*

Under Alabama law, a person is guilty of the crime of harassing

communications if, with intent to harass or alarm another person, he:

> a. Communicates with a person, anonymously or otherwise, by telephone, telegraph, mail, or any other form of written or electronic communication, in a manner likely to harass or cause alarm[; or]
>
> b. Makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication.

Ala. Code § 13A-11-8(b)(1).  The statute goes on to provide what the parties refer

to as a "safe harbor," which states that "[n]othing in this section shall apply to

legitimate business telephone communications." *Id.*

Shepheard does not dispute that his many harassing calls satisfied the

requisites of subsection (a).  He contends instead that his conduct fell within the

safe harbor provision.  In Shepheard's reading, the safe harbor permits harassment

so long as that harassment is in furtherance of a business purpose.  He agrees with

the district court that "legitimate" in "legitimate business telephone

communications" represents an objective reasonableness standard.  But he submits

that in business, harassment is reasonable.

---

court's imposition of a specific condition of probation for an abuse of discretion. *United States v. Cothran*, 855 F.2d 749, 751 (11th Cir. 1988) (reviewing a term of condition under a prior probation statute).

3

Shepheard's argument carries its own refutation, and contravenes the rule that "a statute is to be given a practical construction and not applied in such a way as to lead to absurd results." *Junkins v. Glencoe Volunteer Fire Dep't*, 685 So. 2d 769, 772 (Ala. Civ. App. 1996); *accord P.J.B. v. State*, 999 So. 2d 581, 587 (Ala. Crim. App. 2008) ("As we have so often said, statutes must be given a reasonable interpretation, not one that is illogical, incompatible with common sense, or that would reach an absurd result that could not possibly have been intended by the Legislature."). Courts in Alabama, as elsewhere, must read statutes so as "to give effect to the legislature's intent in enacting a statute when that intent is manifested in the wording of the statute . . . examin[ing] the statute as a whole and, if possible, giv[ing] effect to each section." *First Union Nat. Bank of Fla. v. Lee Cty. Comm'n*, 75 So. 3d 105, 111–12 (Ala. 2011) (quotation omitted). The object of § 13A-11-8(b) as a whole is to prohibit harassing communications. It would be absurd against that backdrop to interpret the safe harbor to exempt business harassment. Nothing in the statute suggests the Alabama legislature intended to protect Shepheard's imagined Hobbesian state of business nature. Rather, the safe harbor exists to ensure no one is prosecuted for making "legitimate," i.e., reasonable, business telephone communications. *See Donley v. City of Mount Brook*, 429 So. 2d 603, 611–12 (Ala. Crim. App. 1982), *rev'd on other grounds sub nom. Ex parte Donley*, 429 So. 2d 618 (Ala. 1983) (holding that the safe harbor

4

of § 13A-11-8(b) covers such conduct as a single telephone call by a dissatisfied consumer about a faulty product, a frustrated businessman about a breached contract, or an "irate citizen" to his representative about a political issue). Harassment is not reasonable, even in business; nothing about the safe harbor suggests otherwise.

Shepheard's conduct was clearly unreasonable. He agrees he called the VA hundreds of times with an intent to harass, but contends his harassment was calculated to achieve a legitimate business purpose; that is, to wear down VA employees until they told him who authorized the transfer of his banking information between VA departments. Calling several hundred times, often every few minutes, for six weeks is not objectively reasonable, even to achieve his ultimately benign purpose. Even if his first few calls were "legitimate business telephone communications," his subsequent calls were not; they were illegitimate because they were unreasonable and harassing.

Shepheard contends that if the language "legitimate business telephone communications" does not protect harassment in furtherance of a legitimate business purpose, then the statute is unconstitutionally vague because it did not give him fair notice and would promote arbitrary and discriminatory enforcement. *See United States v. Nelson*, 712 F.3d 498, 504 (11th Cir. 2013) ("[A] statute is void for vagueness if it fails to define the criminal offense [1] with sufficient

5

definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." (quotation omitted)). He contends no one can say for sure at what point his telephone calls became unreasonable. We express no opinion on whether there is ambiguity in this provision at the margins because this is an as-applied challenge, and as applied to Shepheard's conduct, the statute is abundantly clear. *Holder v. Humanitarian Law Project*, 561 U.S. 1, 21, 130 S. Ct. 2705, 2720, 177 L. Ed. 2d 355 (2010) ("Of course, the scope of the material-support statute may not be clear in every application. But the dispositive point here is that the statutory terms are clear in their application to plaintiffs' proposed conduct, which means that plaintiffs' vagueness challenge must fail."). It could not be anything but obvious to an ordinary person that calling every day, repeatedly every three seconds according to one witness, for six straight weeks, is unreasonable, and that so many calls could not be considered "legitimate business telephone communications." *See id.* Likewise, whether or not the statute encourages arbitrary and discriminatory enforcement in borderline cases, there could be no such concern on these facts. Shepheard's conviction stands.

*B. Substantive Reasonableness of Shepheard's Sentence*

The special condition to Shepheard's probation, prohibiting him from telephoning all VA facilities, is not substantively unreasonable, and the magistrate judge did not abuse his discretion in imposing it. *United States v. Cothran*, 855 F.2d 749, 751 (11th Cir. 1988). The condition will protect the VA and its employees from Shepheard's harassment, which he vowed to continue even after having been warned by the police he would receive a citation. It is directly related to the nature and circumstances of his offense, and helps promote his respect for the law. *See* 18 U.S.C. § 3563(b) (providing that a sentencing judge may impose a special condition on a sentence of probation "to the extent such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2)"). The condition prevents Shepheard from accessing his means of harassment and contains reasonable exceptions allowing him to receive the benefits and services to which he is entitled; for example, he can still contact the VA by mail or through a patient advocate. *See United States v. Taylor*, 338 F.3d 1280, 1283–85 (11th Cir. 2003) (upholding special condition prohibiting defendant from accessing the internet, through which he had harassed a woman and her twelve-year-old daughter). Shepheard's sentence was substantively reasonable, and the magistrate judge did not abuse his discretion. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

7

## II. CONCLUSION

For the foregoing reasons, we affirm Shepheard's conviction and his sentence.

**AFFIRMED.**