NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NATHANIEL CARR,

Defendant - Appellant.

No. 25-1346

D.C. No.
1:24-cr-00002-LEK-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 12, 2026[**]
Honolulu, Hawaii

Before: BYBEE, R. NELSON, and FORREST, Circuit Judges.

Defendant-Appellant Nathaniel Carr was sentenced to 63 months in prison,

followed by a term of supervised release for unlawful possession of a firearm. Carr

violated his original conditions of release, and in this appeal he challenges a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

condition that was imposed when he was sentenced on his supervised-release violation. The condition at issue excluded him from Hawaiʻi Island, Hawaiʻi, where he was living with family. We review the legality of a supervised-release condition de novo. *See United States v. Nishida*, 53 F.4th 1144, 1150 (9th Cir. 2022). Because Carr objected to the condition at sentencing, "we review the district court's decision to impose it for abuse of discretion." *United States v. LaCoste*, 821 F.3d 1187, 1192 (9th Cir. 2016).

"The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974) (per curiam). Thus, "if there is a conflict between the sentence orally imposed and written judgment, the oral pronouncement, as correctly reported, controls." *United States v. Montoya*, 82 F.4th 640, 648 (9th Cir. 2023) (quoting *United States v. Aguirre*, 214 F.3d 1122, 1125 (9th Cir. 2000)).

The parties agree that there are two conflicts between the condition as orally announced and as written. First, where the district court's oral pronouncement permitted Carr to live anywhere but Hawaiʻi Island, the written condition required that he reside on Oahu. Second, where the oral condition categorically prohibited Carr from entering Hawaiʻi Island, the written judgment allowed Carr to return to that island with the court's permission. Because the written condition differs from the oral pronouncement, the supervised-release condition as imposed orally at Carr's

25-1346

sentencing controls.

Carr argues that the district court's orally pronounced geographical restriction is unjustified because the district court's concern about potential violence toward his family members was resolved by a separate condition prohibiting him from having any contact with his family members and total exclusion from the island is otherwise unreasonable. We disagree.

"[C]onditions are permissible if they are reasonably related to the goals of deterrence, protection of the public, or rehabilitation of the offender, taking into account the offender's history and personal characteristics, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Watson*, 582 F.3d 974, 982 (9th Cir. 2009) (quoting *United States v. Goddard*, 537 F.3d 1087, 1089 (9th Cir. 2008)). A "so-called 'banishment' condition[]" may be reasonably necessary where a "defendant's ties to a particular area . . . increas[e] the likelihood that he will re-offend if he returns." *LaCoste*, 821 F.3d at 1193 (collecting cases). Banishment may be upheld where the offender violated his supervised release in the prohibited area and temporary removal will either separate the offender from negative influences or interrupt a destructive behavioral pattern. *See United States v. Many White Horses*, 964 F.3d 825, 830–31 (9th Cir. 2020); *United States v. Alexander*, 509 F.3d 253, 256–57 (6th Cir. 2007); *United States v. Sicher*, 239 F.3d 289, 292 (3d Cir. 2000). Likewise, banishment may

be appropriate where it will protect the affected community from future harm, *Alexander*, 509 F.3d at 257, and where the defendant's personality traits make him more likely to recidivate, *see United States v. Cothran*, 855 F.2d 749, 750–51 (11th Cir. 1988).

Here, Carr violated his supervised-release conditions while he was on Hawaiʻi Island and was in "a downward spiral" that the district court sought to halt. The banishment condition "responded directly" to Carr's history of violence against family members, his present conflict with the family members that he had been living with, and his failure to tell his probation officer when he moved out of his family's residence. *Alexander*, 509 F.3d at 257. The geographic restriction was intended to protect Carr's family members, as well as the broader community, from future harm. The district court repeatedly noted that Carr presented as capable and intelligent at his sentencing hearing, and the court further expressed concern about Carr's potential manipulation of the system. We conclude that the district court did not abuse its discretion in imposing the geographical restriction.

That said, a condition that affects a fundamental liberty interest, like a banishment condition, "merits careful review." *Many White Horses*, 964 F.3d at 830. Here, the record is unclear whether the district court intended to *categorically* exclude Carr from visiting Hawaiʻi Island during his supervised release, and permitting him to visit the island with court approval would "help[] to mitigate the

severity of the limitation." *Id.* at 831 (quoting *Watson*, 582 F.3d at 984). As such, we remand with instructions for the district court to clarify its intent regarding the geographical restriction and address whether Carr is allowed to visit Hawai'i Island during his supervised-release term with the court's permission.

**VACATED and REMANDED for resentencing.**